PROB 12C
(7/93)

Report Date: October 16, 2015

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

10/16/15

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Ashley D. Lizotte | Case Number: 2:14CR00168-TOR-12 |
| Address of Offender: | Spokane, Washington 99208 |

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: July 7, 2015

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | |
| Original Sentence: | Prison - 1 day<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: July 7, 2015 |
| Defense Attorney: | Federal Defenders | Date Supervision Expires: July 6, 2018 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 & 2 | **Special Condition # 16**: The defendant shall abstain from the use of illegal controlled substances, and shall submit to drug testing as directed by the supervising officer, but no more than 6 tests per month. |
| 3 | **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. |

**Supporting Evidence**

Ashley Lizotte violated the terms of her supervised release in Spokane, Washington, on or about September 21, 28, and 29, 2015.

On September 21, 2015, Ms. Lizotte failed to appear for a random urine test at Alcohol Drug Education Prevention and Treatment (ADEPT). The offender was contacted by her supervising U.S. probation officer via text messages. Ms. Lizotte responded and indicated that she had been very ill and intended to go to the hospital that day.

On September 23, 2015, the supervising U.S. probation officer attempted a home visit at the offender's reported residence. A card was left on her door directing her to contact her supervising U.S. probation officer.

**Prob12C**
**Re: Lizotte, Ashley D**
**October 16, 2015**
**Page 2**

On September 24, 2015, the offender contacted the undersigned officer via text, and advised she was still very ill and could barely walk. Ms. Lizotte advised she had not been to the hospital yet. The undersigned advised her to report in person on Monday, September 28, 2015, to the probation office. Ms. Lizotte indicated she believed she may still be too ill. She was advised to report to the U.S. Probation Office on September 28, 2015, unless she has medical verification preventing her from reporting.

On Sunday, September 27, 2015, Ms. Lizotte sent a text message to her former U.S. probation officer stating "I don't want to be in this world anymore." In response, her former U.S. probation officer and the undersigned officer both sent text messages and made attempts to call the offender without success. A request was made to local law enforcement for a welfare check.

On September 28, 2015, the offender's boyfriend called the U.S. Probation Office and indicated the offender was fine, but had hurt herself after tripping. He further reported that the offender intended on reporting that afternoon. Ms. Lizotte failed to report on September 28, 2015.

On September 29, 2015, the undersigned officer attempted to locate the offender at her residence. Contact was not made at her home so a card was left in her door directing her to report that same day. She later responded to a text and advised she would report the following day. She again was directed to report that same day.

Ms. Lizotte reported as directed, and a urine sample was taken. The sample tested presumptive positive for opiates. Ms. Lizotte produced a prescription bottle for hydrocodone. The offender originally reported she had tripped and fell down, leading to an injury requiring medical attention and being prescribed hydrocodone. She later admitted to having an argument with a male friend who pushed her down. The sample was sent to the lab for further testing.

On October 14, 2015, the undersigned officer received the lab report from Ms. Lizotte's September 29, 2015, urinalysis test. The lab confirmed the sample was positive for opiates related to the hydrocodone prescription, and also confirmed the sample was positive for methamphetamine.

| | |
|---|---|
| 4 | **Special Condition # 17**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**:

Ashley Lizotte violated the terms of her supervised release in Spokane, Washington, by failing to attend required substance abuse treatment on September 21, 22, 24 and 28, 2015.

Ms. Lizotte began services at Frontier Behavioral Health on September 3, 2015. She was expected to attend two group sessions and one individual session per week. She began attending appointments as required, then reported being sick and failed to attend classes the remainder of the month.

On September 29, 2015, her missed appointments were addressed by the undersigned officer. Ms. Lizotte resumed attending classes at Frontier Behavioral Health on October 1, 2015, and has attended her required classes and individual sessions since then.

5 **Special Condition #15:** The defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced medication and/or inpatient confinement, absent further order of the court. Defendant shall allow reciprocal release of information between the supervising officer and treatment provider. Defendant shall contribute to the cost of treatment according to her ability to pay.

**Supporting Evidence:** Ashley Lizotte violated the terms of her supervised release in Spokane, Washington, by failing to attend required mental health treatment during the month of August 2015.

On September 29, 2015, her missed mental health sessions were addressed by the undersigned officer. The offender advised she had scheduled an appointment with mental health that same evening. Robert Shepard confirmed the offender re-engaged in mental health services on September 29, 2015.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/16/2015

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Thomas O. Rice*

Signature of Judicial Officer

October 16, 2016

Date